IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CHAD BARRY BARNES,<br><br>    Appellant,<br><br>vs.<br><br>KRISTIN KIMO HENRY, *et al*.,<br><br>    Appellee. | CV. NO. 16-00588 DKW-RLP<br><br>Bankr. No. 14-01475<br><br>**ORDER GRANTING REVISED MOTION TO STAY PROCEEDINGS PENDING NINTH CIRCUIT APPEAL** |

**ORDER GRANTING REVISED MOTION TO STAY
PROCEEDINGS PENDING NINTH CIRCUIT APPEAL**

**INTRODUCTION**

Appellant Chad Barry Barnes seeks to stay his appeal of a bankruptcy matter to the district court, pending a decision by the United States Court of Appeals for the Ninth Circuit in a separate matter also involving Barnes, *In Re Sea Hawaii Rafting, LLC*, No. 16-15023 ("Ninth Circuit Appeal"). Because the balance of pertinent factors weighs in favor of Barnes' request— notably, the conservation of judicial resources, the potential for conflicting decisions, and the absence of prejudice to any other party—the Motion to Stay is GRANTED.

## BACKGROUND

By this bankruptcy appeal—and several other cases—Barnes contests the sale of a 2005 Zodiac boat, the M/V Tehani. On May 9, 2016, the Bankruptcy Court entered an order granting the Motion for Order Approving Sale. *See* Order Granting Trustee's Motion for Order (I) Authorizing Sale of Boat and Trailer Under Bankruptcy Code § 363, and (II) Otherwise Granting Relief (the "Order Approving Sale"), Sea Hawaii Chapter 7 Bankruptcy, Bankr. No. 14-01520 (Bankr. D. Haw. May 9, 2016), Dkt. No. 185. Barnes appealed the Order Approving Sale, commencing *Barnes v. Field*, Civ. No. 16-00230 LEK-KSC. On September 27, 2016, the Trustee filed a Report of Sale, acknowledging receipt of $35,000.00 for the M/V Tehani and its trailer on August 26, 2016, and reporting that he had assigned the M/V Tehani and its trailer to Aloha Ocean Excursions, LLC on August 30, 2016. *See* Report of Sale, Sea Hawaii Chapter 7 Bankruptcy, Bankr. No. 14-01520, Dkt. No. 253.

The instant bankruptcy appeal challenges the Bankruptcy Court's Order Granting Motion to Approve Sale of Property (M/V Tehani Vessel and Trailer) in a related Chapter 13 proceeding. *See Barnes v. Henry et al.*, Bankr. No. 14-01475 (Bankr. D. Haw. Nov. 15, 2016), Dkt. No. 222. That order approved debtor Kristin Kimo Henry's May 18, 2016 Motion to Approve Sale of Vessel in Related Case of

*In re Sea Hawaii Rafting, LLC*, 14-01520. In addition to approval of the sale of the M/V Tehani and trailer from the Chapter 7 case, Bankr. No. 14-01520, Henry's motion sought approval to incur additional debt in his Chapter 13 case because he personally guaranteed payment of the sales price. Barnes appealed the Bankruptcy Court's order granting Henry's motion to this district court on November 15, 2016. *See* Civ. No. 16-00588 DKW-RLP, Dkt. No. 1 (Notice of Transmittal); Bankr. No. 14-01475, Dkt. No. 223 (Notice of Appeal).

The related Ninth Circuit Appeal, No. 16-15023, likewise involves ownership of the M/V Tehani—the boat was an asset of the Sea Hawaii bankruptcy estate and an *in rem* defendant in the underlying case *Barnes v. Sea Hawaii Rafting, LLC, et al.*, Civ. No. 13-00002-ACK-RLP. The Ninth Circuit Appeal, No. 16-15023, is an interlocutory appeal from Judge Kay's order which, in relevant part, dismissed the M/V Tehani for lack of *in rem* jurisdiction. *See* Order Dismissing M/V Tehani for Lack of Jurisdiction, Civ. No. 13-00002 ACK-RLP (D. Haw. Dec. 22, 2015), Dkt. No. 197. Ninth Circuit oral argument in that matter is tentatively scheduled for the week of June 12-16, 2017. *See* No. 16-15023 (9th Cir. Feb. 24, 2017), Dkt. No. 70. The Court notes that, on March 14, 2017, the Ninth Circuit denied Barnes' motion to stay both the instant district court case and also *Barnes v. Field*, Civ. No. 16-00230

LEK-KSC, pending resolution of the Ninth Circuit Appeal. *See* No. 16-15023 (9th Cir. Mar. 14, 2017), Dkt. No. 77 (denying Barnes' Motion To Stay, Dkt. No. 59).

In the meantime, the M/V Tehani was sold, pursuant to an Order of the Bankruptcy Court providing, pursuant to Section 363(m) of the Bankruptcy Code, 11 U.S.C. § 363(m), that the M/V Tehani would be sold "free and clear of all liens and encumbrances, to the maximum extent permitted by the Bankruptcy Code." Barnes appealed that Order, but no stay of the sale Order was obtained, and, on March 14, 2017, Judge Kobayashi dismissed that appeal of a bankruptcy matter to district court. *See* Order Granting Appellee's Motion to Dismiss Appeal, *Barnes v. Field*, Civ. No.16-00230 LEK-KSC (D. Haw. March 14, 2017), Dkt. No. 33.

Finally, on January 17, 2017, Judge Seabright stayed proceedings in a fourth bankruptcy appeal to the district court involving Barnes and the M/V Tehani. *See Friedheim et al. v. Field*, Civ. No. 16-00183 JMS-KJM (D. Haw. Jan. 17, 2017), Dkt. No. 65. That bankruptcy appeal involves an admiralty action filed by Barnes' attorney, Jay Lawrence Friedheim, Esq., on Barnes' behalf against Sea Hawaii, the M/V Tehani, and the boat's owner, which eventually resulted in sanctions against Friedheim. In the bankruptcy litigation, the bankruptcy judge awarded sanctions to the Trustee based upon violations of the automatic stay by Barnes and his counsel, and the appeal to district court followed. That district court case is stayed pending

4

resolution of the Ninth Circuit Appeal.  *See* Civ. No. 16-00183 JMS-KJM, Dkt. Nos. 64 and 65.

As best the Court can discern, Barnes asserts that overlapping questions of law remain to be decided in both the instant bankruptcy appeal and the pending Ninth Circuit Appeal relating to the validity of the sale of the M/V Tehani, including: (1) whether applicable non-bankruptcy law permits the sale of a boat free and clear of maritime liens for maintenance and cure; (2) whether Barnes has a maritime lien on the boat for maintenance and cure; (3) the value of Barnes' lien against the M/V Tehani; and (4) whether the district court's automatic referral provisions enabled by the Bankruptcy Amendments of 1984 are unconstitutional as written and as applied to an injured seaman seeking maintenance and cure in Admiralty.

Neither appellee Kristin Kimo Henry nor appellee Trustee Howard M.S. Hu filed an opposition nor any other statement setting forth appellees' respective positions on the Motion to Stay.

## DISCUSSION

I. **Legal Framework**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and

5

effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court[.]"). When a stay is requested because of pending proceedings that bear on the case, the Court may grant a stay in the interests of the efficiency of its own docket and fairness to the parties. *See Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

The Ninth Circuit set out the following framework for analyzing motions to stay pending resolution of related matters:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly

course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (9th Cir. 2005) (quoting *CMAX*, 300 F.2d at 268).

## II. The Motion To Stay Is Granted

Having considered the orderly administration of justice, the balance of hardships between the parties, and in an exercise of its discretion, the Court concludes that a temporary stay of this action is appropriate pending a decision by the Ninth Circuit in the pending appeal.

### A. The Orderly Administration Of Justice And Judicial Economy

Preservation of judicial resources is a significant factor to consider in evaluating a motion to stay proceedings, and a "sound reason" supporting the Court's "determination to stay the action under the powers to control its own docket and to provide for the prompt and efficient determination of the cases pending before it," pending "resolution of independent proceedings which bear upon the case." *Lockyer*, 398 F.3d at 1111 (quoting *Leyva*, 593 F.2d at 863–64). Entry of a stay conserves judicial resources with respect to the pending bankruptcy appeal in this district court and the Ninth Circuit Appeal, where both matters involve the sale of the M/V Tehani and, at least potentially, the Court's jurisdiction over the same.

7

Given the identity of the issues in the pending Ninth Circuit Appeal, granting the stay would obviate the need for this Court to address issues that might well ultimately be decided by the appellate body. In fact, granting the stay request would not only promote judicial economy, but also would reduce the risk of inconsistent rulings, thereby fostering the orderly administration of justice.

### B. **Balance of Hardships Between The Parties**

The Court must consider the prejudice to Barnes if the Court denies a stay. Although no party has filed an opposition to the request for a stay pending appeal, the Court independently considers the possible hardship and inequity that appellees might suffer if a stay is entered. Here, it appears that all parties face the prospect of duplicative proceedings and duplicative costs if this case moves forward, due to the similar nature of the actions in this district court and the Ninth Circuit.

Under the circumstances, both sides are faced with litigating similar issues based on the same evidence in multiple courts, risking inconsistent rulings on the same bankruptcy matters. The potential burden on appellant and appellees of litigating in multiple fora favors entry of a stay pending the decision of the Ninth Circuit. *See Falk v. General Motors Corp.*, 2007 WL 3101649, at *3 (N.D. Cal. Oct. 22, 2007). Moreover, the parties could be forced to relitigate any decisions

this Court reaches if the case reaches conclusion before a decision issues in the pending Ninth Circuit Appeal. This too favors a stay.

In any event, a stay pending the Ninth Circuit's decision will likely be of limited duration, given that oral argument is scheduled for June 2017. *See* No. 16-15023 (9th Cir. Feb. 24, 2017), Dkt. No. 70. Therefore, it is unlikely that appellees will face significant case management, motion practice, or other burdensome proceedings in this Court during that time. Moreover, the Court has suspended briefing on the instant bankruptcy appeal pending a ruling on Barnes' request to stay this matter. *See* Dkt. No. 6. Nonetheless, although it is not a substantial consideration, the Court finds the grant of a stay and delay of these proceedings could impose some hardship and inequity upon appellees.

On balance, any minimal hardship to appellees is outweighed by the likely harm to Barnes in the absence of a stay. Having weighed the competing interests implicated—the consequences which may result from the granting of a stay against the hardship or inequity a party may suffer in being required to go forward—the Court determines that this factor favors a stay.

### C. <u>Summary</u>

Having considered the relevant factors, the Court, in its discretion, concludes that a brief stay of this action is appropriate to allow the Ninth Circuit to render a

decision on the pending appeal in the bankruptcy matter, *In Re Sea Hawaii Rafting, LLC*, No. 16-15023. Although resolution of Barnes' instant bankruptcy appeal will be temporarily delayed as a result of the stay, the interests of efficiency and uniformity outweigh the potential prejudice of a brief delay in these circumstances. The risk of inconsistent rulings, duplicative litigation, and efficient use of judicial resources warrants granting the Motion to Stay. *See Landis*, 299 U.S. at 254.

The Court emphasizes that, in light of the Ninth Circuit's scheduled oral argument in June 2017, the stay is anticipated to be brief. However, if the Ninth Circuit does not issue a decision within a reasonable amount of time after its scheduled oral argument, or if the hearing is significantly delayed, the Court may revisit the issuance of the stay, including consideration of whether to rule on Barnes' bankruptcy appeal.

In light of this stay, the Court further orders that the case be administratively closed. The closing of this case is solely an administrative matter and does not impact any party's rights or obligations in pending matters before the Ninth Circuit.

## **CONCLUSION**

Based on the foregoing, Barnes' Motion to Stay is GRANTED. This matter is hereby STAYED until a final decision is rendered by the Ninth Circuit in the pending matter *In Re Sea Hawaii Rafting, LLC*, No. 16-15023. The parties are

directed to advise the Court within ten (10) days of the Ninth Circuit's mandate in that matter.

IT IS SO ORDERED.

DATED: March 28, 2017 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

---

Barnes v. Henry *et al.*; Civil No. 16-00588 DKW-RLP; **ORDER GRANTING REVISED MOTION TO STAY PROCEEDINGS PENDING NINTH CIRCUIT APPEAL**

11