IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHAD BARRY BARNES,<br><br>    Appellant,<br><br>    vs.<br><br>KRISTIN KIMO HENRY, et al.,<br><br>    Appellees. | CIVIL NO. 16-00588 JAO-WRP<br><br>ORDER |

## **ORDER**

On November 15, 2016 in a Chapter 13 bankruptcy case filed by debtor-appellee, Kristin Kimo Henry ("Henry"), Case No. 14-01475, the United States Bankruptcy Court for the District of Hawaii ("bankruptcy court") filed an Order Approving Sale of Boat and Trailer and Obligation of Debtor as Guarantor ("Bankruptcy Order"). ECF No. 1-3. Appellant Chad Barry Barnes ("Barnes"), one of Henry's creditors, appeals the Bankruptcy Order. *See* ECF Nos. 1, 2. Given developments in other concurrent proceedings, the Court directed the parties to submit status reports. ECF No. 25. The parties timely did so. *See* ECF Nos. 26 (status report of Standing Chapter 13 Trustee, Howard M.S. Hu), 27 (Henry's

status report), 28 (Barnes' status report).  For the following reasons, the Bankruptcy Order is HEREBY VACATED.

Although the facts of this case (and related cases) are many, those pertinent to the present appeal are limited, and solely concern the sale of a vessel, a 2005 Zodiac boat named "The Tehani" (Hull ID #XDC73804D505) and its accompanying trailer (collectively, the "Vessel").  The assignment and bill of sale for the Vessel required the bankruptcy court to approve the sale in both the Chapter 13 case from which the present appeal arises, as well as a related Chapter 7 bankruptcy case involving Sea Hawaii Rafting, LLC, whose sole member is Henry.  *See* Bankruptcy Order, at 1–2; *see also* ECF No. 262 in Case No. 14-01475 (Bankr. D. Haw.), at 2.  On May 9, 2016, the bankruptcy court issued an order approving the sale of the Vessel in the Chapter 7 case ("Chapter 7 Order"); and on November 15, 2016, the bankruptcy court issued the Bankruptcy Order in this matter, which is the subject of the present appeal.  *See* Bankruptcy Order, at 1–2.

On May 22, 2019, the Chapter 7 Order was reversed "[b]ecause the district court had exclusive control over the [Vessel, and therefore] the bankruptcy court could not and did not have jurisdiction over the [Vessel] during the [Chapter 7] [b]ankruptcy proceedings."  *See* ECF No. 65 in Civil No. 16-00230 LEK-KSC, at 13–14; *see also id.* at 13 (quoting *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517 (9th Cir. 2018) ("The bankruptcy court lacked jurisdiction to adjudicate

2

Barnes's maritime lien because the admiralty court had already obtained jurisdiction over the [Vessel].")).

For the same reasons identified by Judge Kobayashi in her May 22, 2019 Order, the bankruptcy court's November 15, 2016 Order Approving Sale of Boat and Trailer and Obligation of Debtor as Guarantor is HEREBY VACATED.[1]

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, December 17, 2019.

Jill A. Otake
United States District Judge

CV 16-00588 JAO-WRP; *Chad Barry Barnes v. Kristin Kimo Henry, et al.*; ORDER

---

[1] The Court notes that the vacatur of the bankruptcy court's November 15, 2016 Order operates functionally the same as Judge Kobayashi's reversal of the Chapter 7 Order.

3